# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JAMES MCCAA,

      Petitioner,                            CASE NO. 12-11864
                                           HONORABLE ARTHUR J. TARNOW

v.                                      UNITED STATES DISTRICT JUDGE

THOMAS MACKIE,

      Respondent.

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

      James McCaa, ("Petitioner"), confined at the Baraga Correctional Facility in Baraga, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree premeditated murder, M.C.L.A § 750.316(1)(a); felon in possession of a firearm, M.C.L.A. § 750.224f, and possession of a firearm during the commission of a felony, M.C.L.A. § 750.227b. [1] For the reasons stated below, the petition for writ of habeas corpus is DENIED.

---

      [1] Petitioner was originally incarcerated at the Marquette Branch Prison but has since been transferred to the Baraga Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns*, 450 F.Supp.2d 755, 757 (E.D.Mich.2006); See also Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Thomas Mackie in the caption.

*McCaa v. Mackie,* 2:12-CV-11864

# I. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the September 3, 2005, shooting death of
> Anthony Kirk at a house party in Detroit. The prosecutor's theory at trial was
> that the shooting was motivated by gang rivalry between Kirk and defendant.
> Some people testified at trial that they overheard Kirk state he was from "the
> west coast," an insinuation that he was affiliated with the West Coast Boys
> gang. Others took the remarks to mean that Kirk lived on the west side of
> Detroit and denied that the victim was a member of any gang at the time of the
> shooting.
>
> The shooting occurred when defendant approached Kirk at the birthday party
> and inquired where Kirk lived. According to testimony presented at trial, Kirk
> stated that he was "from the west coast," and referred to the Warren and
> Livernois area on the west side of Detroit. Defendant then asked Kirk what he
> was "saying" or what he "claimed," and made a comment about "claiming the
> number streets." Kirk responded that he was at the party to have fun and raised
> his hands in the air as an indication that he did not want any trouble with
> defendant. However, shortly after the exchange, defendant pointed a gun at
> Kirk and shot and killed him. Defendant fled the scene following the shooting.

*People v. McCaa,* No. 270829, 2007 WL 3015389, * 1 (Mich.Ct.App. Oct. 16, 2007).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 481 Mich. 941, 751
N.W.2d 34 (2008).

Petitioner filed a post-conviction motion for relief from judgment, which was denied.

*People v. McCaa*, No. 05-12920-01 (Wayne County Circuit Court, June 2, 2009).  The

*McCaa v. Mackie,* 2:12-CV-11864

Michigan appellate courts denied petitioner leave to appeal. *People v. McCaa*, No. 298258 (Mich.Ct.App. March 10, 2011); *lv. den.* 490 Mich. 859, 802 N.W. 2d 55 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court erred by allowing the prosecutor to argue that because the defendant was wearing a red shirt at the time of the shooting that the murder was premeditated and that he was a member of the gang "Bloods", (sic) while at the same time excluding evidence of the complainant's gang involvement, intimidation by that same gang of material witness, and other similar evidence favorable to the defense. Defendant is entitled to a new trial because the admission of the evidence undermined the reliability of the verdict and denied defendant his right to a fair trial.

II. MCR 6.412(E)(1) limiting the number of peremptory challenges to a number few than what is permitted by MCL 768.13 violates Const. 1963, Art. 3 § 2. Mr. McCaa is entitled to a new trial because his counsel was not permitted the full number of peremptory challenges allowed by statute.

III. Defendant is entitled to a new trial because by giving examples only of the depraved heart category of second degree murder the trial court relieved the prosecutor [of] the burden to prove all of the elements of the crime beyond a reasonable doubt.

IV. Mr. McCaa was deprived [of] the right to a defense when, due to the trial court's rulings and trial counsel's incompetence, he was precluded from presenting witnesses that would have supported a self-defense theory.

V. The defendant is entitled to a new trial, and at the least an evidentiary hearing, in light of and because of newly discovered evidence in the form of multiple affidavits from the multitude of witnesses whom were present at the shooting but were not called to testify pursuant to defendant's state and federal constitutional right to have witnesses in his favor.

VI. The defendant is entitled to a new trial where he was denied his state and federal constitutional right to effective assistance of appellate counsel where counsel fail[ed] to raise "dead bang winner" issues and where counsel failed to properly preserve his arguments for federal review.

3

*McCaa v. Mackie,* 2:12-CV-11864

VII. The defendant is intitled (sic) to a new trial where the trial court abused it's (sic) discretion with respect to actions amounting to the denial of the defendant's right to present a defense thus violating his state and federal constitutional right.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000).  An "unreasonable application" occurs when "a state court decision unreasonably

applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A

federal habeas court may not "issue the writ simply because that court concludes in its

4

2:12-cv-11864-AJT-MAR   Doc # 13   Filed 09/16/14   Pg 5 of 28   Pg ID 1639

*McCaa v. Mackie,* 2:12-CV-11864

independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

**A.  Claims # 1 and # 7.  The evidentiary law claims.**

The first and seventh claims of petitioner's petition will be considered together

because they are at least in part interrelated.

In his first claim, petitioner contends that the trial court erred by allowing the

prosecutor to argue that the murder was premeditated because petitioner was wearing a

red shirt which represented his affiliation with the "Blood" gang while excluding

evidence of the victim's gang affiliations.

It is "not the province of a federal habeas court to reexamine state-court

determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A federal court is limited in federal habeas review to deciding whether a state court

conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Errors in

the application of state law, especially rulings regarding the admissibility of evidence,

are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F. 3d 542,

552 (6th Cir. 2000).

Petitioner claims that evidence that petitioner was wearing a red shirt and was a

member of the "Bloods" gang was irrelevant and was admitted as impermissible

character evidence, in violation of M.R.E. 404(b).

*McCaa v. Mackie,* 2:12-CV-11864

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

To the extent that petitioner argues that the state court violated M.R.E. 404(b) by admitting improper character evidence against him, he would not be entitled to relief because this claim is non-cognizable on habeas review. *See Bey v. Bagley*, 500 F 3d 514, 519 (6th Cir. 2007); *Estelle*, 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law).

Furthermore, as the Michigan Court of Appeals indicated in rejecting petitioner's claim, petitioner's gang membership was relevant to his motive.  The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F. 3d 536, 551 (6th Cir. 2012)(emphasis original).  Gang affiliation is particularly relevant and has been held admissible in cases where the interrelationship between people is a central issue. *United States v. Gibbs*, 182 F. 3d 408, 430 (6th Cir. 1999).  In this case, there was

6

*McCaa v. Mackie,* 2:12-CV-11864

some evidence that petitioner was a member of the "Bloods" gang. Where evidence of

gang membership is relevant to a common motive and plot, habeas relief is not

appropriate. *See United States ex. rel. Gonzalez v. DeTella*, 918 F. Supp. 1214, 1223

(N.D. Ill. 1996). Because evidence of petitioner's gang affiliation was relevant to

motive, petitioner is not entitled to habeas relief on this claim.

As part of his first claim, and again in his seventh claim, petitioner claims that he

was denied his right to present a defense by various court rulings.

Just as an accused has the right to confront the prosecution's witnesses for the

purpose of challenging their testimony, he also has the right to present his own witnesses

to establish a defense. This right is a fundamental element of the due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky*, 476 U.S. 683,

690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth

Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth

Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity

to present a complete defense'")(internal citations omitted). However, an accused in a

criminal case does not have an unfettered right to offer evidence that is incompetent,

privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v.

Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its

"traditional reluctance to impose constitutional constraints on ordinary evidentiary

rulings by state trial courts." *Crane*, 476 U.S. at 689. The Supreme Court gives trial

7

*McCaa v. Mackie,* 2:12-CV-11864

court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id*. (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679  (1986)).

Moreover, under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect.  Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins*, 341 F. 3d 507, 511-12 (6th Cir. 2003).

In his first claim, petitioner claims that the trial judge violated his right to present a defense by excluding evidence that the victim was a member of a gang and that Kelly Forsythe had been intimidated by the gang that the victim had belonged to.

The Michigan Court of Appeals rejected petitioner's claim as follows:

Defendant also argues that the trial court erred by excluding evidence of Kirk's gang affiliation.  The trial court permitted Kelly Forsythe to testify that Kirk was a member of the West Coast Boys gang, and that another guest referred to Kirk as "my West Coast Boy."  Indeed, the prosecutor's theory at trial was that defendant was motivated by gang rivalry.  Although the trial court excluded evidence that defendant's sister's house was shot up after Kirk's death, the trial court did not exclude this evidence for the reason that it referred to Kirk's gang affiliation, but rather because it involved post-offense conduct that was not relevant to a determination of defendant's guilt or innocence.  We agree that evidence of the house shooting was not relevant, because it did not make it either more or less likely that defendant

8

*McCaa v. Mackie,* 2:12-CV-11864

shot and killed Kirk.  At most, it could potentially show that Kirk's friends believed that defendant was guilty and sought retribution.  Defense counsel's question to Cynthia Reed regarding the West Coast Boys' territory also was not relevant.  The question was not calculated to elicit any information pertinent to the question of defendant's guilt or innocence.

Defendant further argues that the trial court erroneously excluded Forsythe's testimony that she was assaulted by another West Coast Boys member who blamed her for Kirk's death.  This testimony was relevant under MRE 401, because it suggested an explanation for Forsythe's unwillingness to cooperate with the police investigation and, therefore, was relevant to her bias and credibility.  Nonetheless, an error in the admission or exclusion of evidence is not a ground for reversal unless refusal to take this action appears inconsistent with substantial justice. MCL 769.26.  Under this rule, reversal is required only if the error is prejudicial.  The defendant claiming error must show that it is more probable than not that the alleged error affected the outcome of the trial, in light of the weight and strength of the properly admitted evidence.  Here, the trial court's error was harmless.  Cynthia Reed was permitted to testify about the assault on Forsythe, so Forsythe's testimony would have been cumulative.  Moreover, there was substantial direct and circumstantial evidence that defendant shot Kirk. James Thomas testified that he saw the confrontation between defendant and Kirk, and heard the gunshot immediately after defendant's angry reaction.  Brian Williams testified that he saw defendant shoot Kirk.  The witnesses agreed that Kirk was not armed, and that he tried to defuse the situation by indicating that he had no weapon and no desire for trouble.  There was no evidence suggesting that anyone else at the party shot Kirk.  Under these circumstances, defendant has failed to show that a more favorable outcome likely would have resulted had Forsythe's cumulative testimony been received.  Therefore, reversal is not warranted.

*McCaa,* 2007 WL 3015389, Slip. Op. at * 2-3 (internal citations omitted).

The trial court's exclusion of testimony that petitioner's sister's house had been shot up after the shooting and precluding petitioner from questioning Forsythe about having been assaulted by another gang member was not so egregious that it effectively

*McCaa v. Mackie,* 2:12-CV-11864

denied petitioner a fair trial, in light of the fact that petitioner was not completely barred

from presenting testimony that the victim was a member of the West Coast Boys gang

and that one of these gang members had assaulted Forsythe. *See Fleming v. Metrish*, 556

F. 3d 520, 535-36 (6th Cir. 2009). With the quantum of evidence on the defense theory in

the record, this Court concludes that the petitioner was afforded "a meaningful

opportunity to present a complete defense." *Allen v. Howes,* 599 F. Supp. 2d 857, 873

(E.D. Mich. 2009)(citing *Crane*, 476 U.S. at 690 (citation and internal quotations

omitted)). Moreover, any possible error in the exclusion of this proferred testimony was

harmless error, in light of the overwhelming evidence of petitioner's guilt. *Fleming,* 556

F. 3d at 537.

In his seventh claim, petitioner contends that he was denied his right to present a

defense when the judge refused to permit him to raise a self-defense claim.

The trial judge did not preclude petitioner from raising a self-defense claim;

petitioner and his counsel chose not to call any witnesses or present any evidence in

support of such a claim.

Petitioner cannot convert a tactical decision not to introduce evidence into a

constitutional violation of the right to present evidence generally. *See Rodriguez v.

Zavaras*, 42 F. Supp. 2d 1059, 1150 (D. Colo. 1999); *See also State v. Flood,* 219 S.W.

3d 307, 318 (Tenn. 2007)("Generally, the right to present a defense is not denied when a

defendant does not pursue a line of questioning during cross-examination").

10

*McCaa v. Mackie,* 2:12-CV-11864

The Michigan Court of Appeals found that the decedent threw up his hands, told

petitioner that he did not want trouble and that he was at the party to have fun.  Other

witnesses testified that the decedent was unarmed and after the initial confrontation,

petitioner shot him after asking for his gang affiliations.  There is no record support for

petitioner's claim that he shot in self-defense.  Furthermore, petitioner exercised his right

not to testify.  Petitioner was not precluded from raising a claim of self-defense.

**B.  Claim # 2.  The peremptory challenges claim.**

Petitioner next claims that he was improperly allowed to exercise only 12

peremptory challenges during jury selection, instead of 20 as permitted by the former

M.C.L.A. § 768.13.

The United States Supreme Court has repeatedly held that peremptory challenges

are not of a federal constitutional dimension. *See Rivera v. Illinois,* 129 S. Ct. 1446, 1454

(2009)("[B]ecause peremptory challenges are within the States' province to grant or

withhold, the mistaken denial of a state-provided peremptory challenge does not, without

more, violate the Federal Constitution."); *See also U.S. v. Martinez-Salazar,* 528 U.S.

304, 311 (2000)*;Georgia v. McCollum,* 505 U.S. 42, 57 (1992)("This Court repeatedly

has stated that the right to a peremptory challenge may be withheld altogether without

impairing the constitutional guarantee of an impartial jury and a fair trial"); *Ross v.*

*Oklahoma*, 487 U.S. 81, 88 (1988); *Gray v. Mississippi,* 481 U.S. 648, 663 (1987);

11

*McCaa v. Mackie,* 2:12-CV-11864

*Stilson v. United States*, 250 U.S. 583, 586 (1919)("There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges."). Petitioner is not entitled to habeas relief on his claim that he was denied his right to exercise all of his peremptory challenges.

### C.  Claim # 3.  The jury instruction claim.

Petitioner next claims that the judge gave the jurors a deficient instruction on the lesser offense of second-degree murder.  After instructing the jury on the different forms of malice necessary to prove second-degree murder, the trial judge gave examples to explain the depraved-heart form of malice, i.e., the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.  Petitioner claims that the trial court's examples misled the jurors into thinking that only situations that were similar to those mentioned in the examples could support a conviction for second-degree murder.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v.*

12

*McCaa v. Mackie,* 2:12-CV-11864

*Kibbee*, 431 U.S. 145, 154-155 (1977).  The challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United States*, 527 U.S. 373, 391 (1999).  Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).  It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.

Petitioner is not entitled to habeas relief for two reasons.  First, the alleged defect involved the giving of an instruction on the lesser included offense of second-degree murder.  The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)).  Therefore, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.  Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001). The failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F.

13

*McCaa v. Mackie,* 2:12-CV-11864

2d 792, 797 (6th Cir. 1990). Any defects in the instruction on the lesser included offense

of second-degree murder would not entitle petitioner to habeas relief.

Secondly, the Michigan Court of Appeals rejected the claim, finding that the trial

judge had properly instructed the jurors on the elements of second-degree murder:

> In any event, we find no plain error. The trial court instructed the jury on the
> three types of malice that can support a conviction of second-degree murder,
> namely, an intent to kill, an intent to do great bodily harm, or an intent to do
> an act in wanton and wilful disregard of the likelihood that the natural
> tendency of such behavior is to cause death or great bodily harm. Because the
> first two types of malice are self-explanatory, the trial court gave examples
> intended to illustrate only the third category of malice. The instructions did
> not suggest that only circumstances fitting the examples could support a
> conviction of second-degree murder. The trial court otherwise properly
> instructed the jury on the definitions of both first and second-degree murder,
> and the instructions explained the salient distinction between first and
> second-degree murder. Viewed as a whole, the instructions accurately
> conveyed the elements of both first and second-degree murder and were
> sufficient to protect defendant's rights. Thus, there was no plain error.

*McCaa,* 2007 WL 3015389, Slip. Op. at * 4 (internal citations omitted).

The Michigan Court of Appeals concluded that the trial judge's instruction

accurately reflected the elements of second-degree murder under Michigan law. Federal

courts are bound by the state courts' interpretation of their own laws. *See Mullaney v.

Wilbur*, 421 U.S. 684, 690-91 (1975). The nature of a particular jury instruction that is

given is a matter of state law, and a federal court is not at liberty to grant a writ of habeas

corpus simply because the federal court finds the state court's decision was incorrect

under state law. *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003). Because the

14

*McCaa v. Mackie,* 2:12-CV-11864

Michigan Court of Appeals found that the judge's second-degree murder instruction accurately reflected the elements for that offense, this Court must defer to that determination and cannot question it. *See Seymour v. Walker*, 224 F. 3d at 558. Petitioner is not entitled to relief on his third claim.

### D.   Claim # 4.   The continuance/ineffective assistance of trial counsel claim.

Petitioner next contends that he was denied his right to present a defense when the judge denied his motion for a continuance to secure defense witnesses.  In the alternative, petitioner contends that trial counsel was ineffective for failing to call witnesses who would have supported his self-defense claim.

Petitioner's defense counsel sought an adjournment before trial.  Judge Thomas Jackson denied the request but agreed to grant extraordinary fees if counsel obtained a new investigator to interview witnesses for the defense. (Tr. 4/20/06, pp. 6-7; Tr. 4/21/06, p. 7).  In opposing the request for a continuance, the prosecutor argued that a material witness (Kelly Forsythe) had just been detained and any trial delay would prejudice this witness. (Tr. 4/2/06, p. 7; Tr. 4/25/06, p. 64).  Petitioner filed an emergency interlocutory appeal to the Michigan Court of Appeals which was denied. *People v. McCaa,* No. 269835 (Mich.Ct.App. April 24, 2006).

Petitioner's trial counsel again sought a continuance on the third day of trial from the trial judge, Judge Leonard Townsend, but the request was denied.  In so ruling, Judge Townsend indicated that the defense had been engaged in "delaying tactics."  Judge

15

*McCaa v. Mackie,* 2:12-CV-11864

Townsend noted that after the Michigan Court of Appeals had rejected petitioner's

interlocutory appeal, counsel sought to delay the trial by requesting an opportunity to

interview witnesses even though he already had witness statements.  Judge Townsend

also noted that counsel could have talked to these witnesses from the time he had been

brought on the case and that he had not been "put on this case last week." (Tr. 4/27/06,

pp. 3-6).

> The Michigan Court of Appeals rejected petitioner's claim:
>
> In this case, defendant does not explain why he did not have sufficient time
> to contact the witnesses before the third day of trial.  Defendant was aware of
> the trial's schedule, and was aware that the trial court had denied his pretrial
> motions for an adjournment.  Under these circumstances, defendant's right to
> present witnesses was not abridged, but merely subject to reasonable
> application of procedural rules.  We therefore reject this claim of error.
>
> *McCaa,* 2007 WL 3015389, Slip. Op. at * 5 (internal citation and footnote omitted).

In criminal proceedings, a trial court's denial of a continuance rises to the level of

a due process constitutional violation only when there is an unreasoning and arbitrary

insistence upon expeditiousness in the face of a justifiable request for delay. *See Burton*

*v. Renico,* 391 F. 3d 764, 772 (6th Cir. 2004).  In order to obtain habeas relief, a habeas

petitioner must show that the denial of his request for a continuance resulted in actual

prejudice to his defense. *Id.; See also Powell v. Collins,* 332 F. 3d 376, 396 (6th Cir.

2003).  Actual prejudice may be demonstrated by showing that additional time would

*McCaa v. Mackie,* 2:12-CV-11864

have made relevant witnesses available or otherwise benefitted the defense. *Powell,* 332

F. 3d at 396.

Petitioner is not entitled to habeas relief on his continuance claim for two reasons.

First, petitioner has made no showing that his counsel was diligent in attempting to

locate these witnesses. *See United States v. Sawyers,* 902 F. 2d 1217, 1219 (6th Cir.

1990).  Moreover, as discussed in greater detail when addressing petitioner's ineffective

assistance of trial counsel claim, *infra,* petitioner has failed to make a credible showing

that these witnesses would have been willing to testify at his trial, thus, petitioner has

failed to show that he was prejudiced by the judge's refusal to grant a continuance. *Id.*

In the alternative, petitioner claims that trial counsel was ineffective for not

calling Dawan Neal, Ramon Taylor, or Sylvester Jones to support a claim of self-

defense.

To show that he was denied the effective assistance of counsel under federal

constitutional standards, a defendant must satisfy a two prong test.  First, the defendant

must demonstrate that, considering all of the circumstances, counsel's performance was

so deficient that the attorney was not functioning as the "counsel" guaranteed by the

Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the

defendant must overcome a strong presumption that counsel's behavior lies within the

wide range of reasonable professional assistance. *Id*. In other words, petitioner must

overcome the presumption that, under the circumstances, the challenged action might be

17

*McCaa v. Mackie,* 2:12-CV-11864

sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that

such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant

must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at

694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different

result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379

(6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in

*Strickland* places the burden on the defendant who raises a claim of ineffective

assistance of counsel, and not the state, to show a reasonable probability that the result of

the proceeding would have been different, but for counsel's allegedly deficient

performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court

believes the state court's determination' under the *Strickland* standard 'was incorrect but

whether that determination was unreasonable-a substantially higher threshold.'" *Knowles

v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465,

473 (2007)).

The Michigan Court of Appeals rejected petitioner's claim:

Defendant alternatively argues that trial counsel was ineffective for failing to
secure the witnesses' presence on the third day of trial. Because defendant
failed to raise this issue in a motion for a new trial or request for an
evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212
NW2d 922 (1973), our review is limited to mistakes apparent on the record.

18

*McCaa v. Mackie,* 2:12-CV-11864

*People v. Mack*, 265 Mich.App 122, 125; 695 NW 2d 342 (2005).  To establish ineffective assistance of counsel, a defendant must show (1) that the attorney's performance was objectively unreasonable in light of prevailing professional norms and (2) that, but for the attorney's error or errors, a different outcome reasonably would have resulted. *People v. Carbin*, 463 Mich. 590, 599-600; 623 NW2d 884 (2001); *People v. Harmon*, 248 Mich.App 522, 531; 640 NW2d 314 (2001).

There is no basis in the record for concluding that the absence of defendant's witnesses at trial was due to any deficiency by defense counsel.  Additionally, although defendant has submitted statements from three alleged witnesses who claim that they saw Kirk reach for a gun under his clothes before defendant shot him, the statements are unsworn.  Thus, defendant has failed to present a competent offer of proof demonstrating factual support for his claim that these witnesses could have provided a substantial defense. Accordingly, the record does not support defendant's claim that counsel was ineffective.

*McCaa,* 2007 WL 3015389, Slip. Op. at * 6.

Petitioner is not entitled to habeas relief on his claim.  Petitioner presented to the Michigan Court of Appeals on his direct appeal the unsworn affidavits of Dawan Neal, Ramon Taylor, and Sylvester Jones in support of his claim.  Because none of these affidavits were sworn or notarized, they cannot serve as a basis for establishing petitioner's ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F.3d 551, 553, 558 (6th Cir. 2007)(counsel's alleged failure to call or obtain the testimony of witness, who was allegedly present in room when shooting occurred, was not prejudicial to defendant, and thus was not ineffective assistance of counsel; despite defendant's attempt to introduce in state post-conviction proceedings a purported type-written affidavit of the witness, who unexpectedly died prior to the trial, the affidavit was

19

*McCaa v. Mackie,* 2:12-CV-11864

unauthenticated and there was no basis for concluding that the outcome of the trial

would have been different had the testimony been secured and admitted).

The Court is aware that on post-conviction review, petitioner presented affidavits

from several additional witnesses, Jesse Price, Jerry Glover, Thomas Holden and Ricky

Bouyer, in support of his claim that he acted in self-defense. These affidavits, however,

were not presented by petitioner on his direct appeal before the Michigan Court of

Appeals. In *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011), the Supreme Court held

that where a state court has adjudicated a habeas petitioner's claim on the merits, a

federal habeas court is limited to the record before the state court in determining whether

the state court's decision was contrary to or an unreasonable application of clearly

established federal law, as required by 28 U.S.C. § 2254(d)(1) to obtain habeas relief.

The Supreme Court further ruled "that evidence introduced in federal court has no

bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state

court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the

record that was before that state court." *Id.* at 1400. Although acknowledging that "state

prisoners may sometimes submit new evidence in federal court, AEDPA's statutory

scheme is designed to strongly discourage them from doing so." *Id.* at 1401. Because

none of these affidavits were presented by petitioner in support of the ineffective

assistance of trial counsel claim that he raised on his direct appeal before the Michigan

Court of Appeals, the Court cannot consider them in determining whether the Michigan

20

*McCaa v. Mackie,* 2:12-CV-11864

Court of Appeals reasonably rejected petitioner's ineffective assistance of trial counsel

claim.

Furthermore, none of the evidence from the trial suggests that petitioner would

have had a viable self-defense claim.  To prove self-defense, the evidence must show

that: (1) the defendant honestly and reasonably believed that he was in danger; (2) the

danger feared was death or serious bodily harm or imminent forcible sexual penetration;

(3) the action taken appeared at the time to be immediately necessary; and (4) the

defendant was not the initial aggressor. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 608-

09 (E.D. Mich. 2002)(citing *People v. Barker*, 437 Mich. 161, 165; 468 N.W. 2d 492

(1991); *People v. Kemp*, 202 Mich. App. 318, 322; 508 N.W.2d 184 (1993); *People v.

Deason*, 148 Mich. App. 27, 31; 384 N.W.2d 72 (1985)).  Under Michigan law, a

defendant is not entitled to use any more force than is necessary to defend himself.

*Johnigan,* 207 F. Supp. 2d at 609 (citing *Kemp*, 202 Mich. App. at 322).  "[T]he law of

self-defense is based on necessity, and a killing or use of potentially lethal force will be

condoned only when the killing or use of potentially lethal force was the only escape

from death, serious bodily harm, or imminent forcible sexual penetration under the

circumstances." *Johnigan,* 207 F. Supp. 2d at 609 (internal citation omitted).

There was no evidence that the victim was armed with a weapon at the time of the

altercation or had otherwise threatened to kill or to seriously harm petitioner.  Because

petitioner used excessive force to repel what was at best a simple assault, he is unable to

21

*McCaa v. Mackie,* 2:12-CV-11864

show that he had a viable self-defense claim under Michigan law.  In light of the

foregoing, counsel was not ineffective in failing to present evidence in support of a self-

defense theory. *Cf. Sutton v. Bell,* 645 F. 3d 752, 758 (6th Cir. 2011)(state court

reasonably determined that petitioner was not prejudiced at capital murder trial by

counsel's failure to object to prosecutor's improper comment suggesting that defense

expert advocated violent prisons where inmates lived by their own rules, although

petitioner relied on expert's testimony to argue that violent prison conditions justified as

self defense his killing of inmate who threatened to kill petitioner, because petitioner's

preemptive-strike self-defense theory failed as a matter of state law).  In light of the

foregoing, the Michigan Court of Appeals did not unreasonably apply *Strickland* in

rejecting petitioner's ineffective assistance of trial counsel claim.

### E. Claim # 5.  The newly discovered evidence claim.

In his fifth claim, petitioner contends that he has newly discovered evidence in the

form of affidavits from Price, Glover, Holden, and Bouyer that would support his claim

that he acted in self-defense.

"A claim of actual innocence based upon newly discovered evidence is not

grounds for federal habeas relief." *Hence v. Smith*, 37 F. Supp. 2d 970, 980 (E.D. Mich

1999).  "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in

violation of the Constitution, not to correct errors of fact." *Herrera v. Collins*, 506 U.S.

390, 400 (1993).  A claim that a habeas petitioner is entitled to relief based upon the

22

*McCaa v. Mackie,* 2:12-CV-11864

failure of a state trial judge to grant him a new trial on the basis of newly discovered evidence is not cognizable in a habeas proceeding. *Monroe v. Smith*, 197 F. Supp. 2d 753, 763 (E.D.Mich. 2001). Petitioner's claim that he has newly discovered evidence of his innocence does not state a claim upon which habeas relief can be granted. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 606 (E.D. Mich. 2001). Petitioner is not entitled to relief on his fifth claim.

    **F.  Claim # 6.  The ineffective assistance of appellate counsel claim.**

In his sixth claim, petitioner claims that appellate counsel was ineffective for failing to argue on direct appeal that the trial judge was biased.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005).

23

*McCaa v. Mackie,* 2:12-CV-11864

However, in reviewing an allegation of judicial misconduct in a habeas corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Brown v. Palmer,* 358 F. Supp. 2d at 657.  To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his or her personal opinion and impressed the jury as being more than an impartial observer. *Id.*  A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F.2d 811, 818 (6th Cir. 1985); *Brown,* 358 F. Supp. 2d at 657.  The Supreme Court has ruled that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish judicial bias or misconduct. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).  "A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune." *Id.*

Petitioner failed to show that the trial judge was biased against him.  Most of the examples of alleged judicial bias involved the judge losing his patience with defense counsel.  Although the trial judge at times expressed his impatience and frustration with defense counsel during trial, his remarks were generally in response to defense counsel's style and failure to accept the court's direction, thus, the judge's conduct was not so

24

*McCaa v. Mackie,* 2:12-CV-11864

prejudicial so as to deprive petitioner of a fair trial. *See Todd v. Stegal,* 40 F. App'x. 25, 27 (6th Cir. 2002). In this case, "The reprimands were not out of line, nor were they substantially adverse to [petitioner] himself. There is no showing that the trial judge ever intimated his opinion on the merits of the case." *Id.* at 27. Moreover, in light of "the very high standard articulated in *Liteky*" to obtain relief on a judicial misconduct claim, the Wayne County Circuit Court's rejection of petitioner's judicial bias claim on post-conviction review was not unreasonable, so as to entitle petitioner to habeas relief. *Brandt v. Curtis*, 138 F. App'x. 734, 743 (6th Cir. 2005).

Petitioner also points to adverse rulings by the trial judge against the defense. Adverse rulings, however, are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002).

Petitioner is not entitled to habeas relief for judicial bias. There is no evidence that the trial court judge belittled defense counsel or demonstrated any bias towards the prosecution. *Brown v. Palmer,* 358 F. Supp. 2d at 657. Given the evidence presented on this claim, this Court cannot conclude that the trial court judge's comments rendered the trial fundamentally unfair, nor does the Court find that the state post-conviction court's decision on this issue was contrary to or an unreasonable application of Supreme Court precedent, as to warrant habeas relief. *See Higgins v. Renico,* 362 F. Supp. 2d 904, 924 (E.D. Mich. 2005).

*McCaa v. Mackie,* 2:12-CV-11864

"[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  In light of the fact that petitioner's judicial bias claim is without merit, appellate counsel was not ineffective for failing to raise this on petitioner's direct appeal.

### G.  A Certificate of Appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [2] 28 U.S.C. § 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits

---

[2]  Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*McCaa v. Mackie,* 2:12-CV-11864

review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5ᵗʰ Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner McCaa is not entitled to federal-habeas relief on the claims presented in his petition.

*McCaa v. Mackie,* 2:12-CV-11864

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**. (Dkt.# 1).

   **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

   **IT IS FURTHER ORDERED** that Petitioner will be granted leave to appeal *in*

*forma pauperis.*


               S/Arthur J. Tarnow
               Arthur J. Tarnow
               Senior United States District Judge

Dated: September 16, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel
of record on September 16, 2014, by electronic and/or ordinary mail.

               S/Catherine A. Pickles
               Judicial Assistant

28